UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUCHAYA SUWANCHATREE,

               Plaintiff,

   v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

               Defendant.

CASE NO. C17-1762-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Suchaya Suwanchatree proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1975.[1] She graduated high school and attended college for two years, both while living in Thailand. (AR 37.) She has past relevant work as a cook. (AR 23-24.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Plaintiff filed an SSI application in April 2014, alleging disability beginning March 24, 2014. (AR 141.) The application was denied at the initial level and on reconsideration.

On April 19, 2016, ALJ Mary Gallagher Dilley held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 30-59.) On August 1, 2016, the ALJ issued a decision finding plaintiff not disabled. (AR 13-25.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on September 18, 2017 (AR 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since April 1, 2014, the SSI application date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's lumbar degenerative disc disease, depression, and posttraumatic stress disorder (PTSD) severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work as defined in 20 C.F.R. § 416.967(b), with the following limitations: she can lift and/or

carry twenty pounds occasionally and ten pounds frequently; she can stand and/or walk and can sit for about six hours in an eight-hour day, but must be able to alternate between sitting and standing briefly every hour; she cannot climb ladders, ropes, or scaffolds, and can occasionally stoop and crouch; she must avoid concentrated exposure to vibration; and she can perform simple, routine tasks and can have occasional and superficial contact with coworkers. With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as an assembler, basket filler, and egg sorter/handler.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing medical opinions. She also asserts error in the RFC assessment and conclusion at step five. Plaintiff requests remand for an award of benefits or,

in the alternative, for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## Medical Opinion Evidence

Plaintiff avers error in the ALJ's consideration of medical opinions from examining psychologist Dr. Don Schimmel, treating psychiatrist Dr. John Sindorf, and mental health counselor Dawn Finney. In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Because the record in this case contained contradictory physician opinions, the ALJ was required to give "'specific and legitimate reasons' supported by substantial evidence in the record" for rejecting the opinions of Drs. Schimmel and Sindorf. *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The opinions of Finney were entitled to less weight, *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996), and could be rejected with germane reasons, *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

A.  Dr. Don Schimmel

Dr. Schimmel conducted a psychological evaluation of plaintiff on March 18, 2014. (AR 275-82.) He assessed plaintiff as markedly impaired in relation to very short and simple instructions, performing activities in a schedule, maintaining attendance and punctuality, learning new tasks, making simple work-related decisions, asking simple questions or requesting assistance, communicating, performing effectively, and maintaining appropriate behavior in a work setting, and setting realistic goals and planning independently. (AR 277.) He assessed severe impairments in relation to detailed instructions, performing routine tasks without supervision, adapting to changes in a work setting, and completing a normal work day and week without

interruptions.  Dr. Schimmel indicated the duration of impairment would last nine to twelve months, and recommended therapy and medication evaluation. (AR 278.) He further opined: "While this individual is apparently able to participate in part time volunteer work, my impression is that she is clearly unable to manage a full time job at this time.  However, with assistance and mental health treatment, she should be eventually able to return to work." (*Id.*)

The ALJ gave Dr. Schimmel's opinions little weight. (AR 22.)  His suggestion plaintiff was not capable of managing a full time job is an issue reserved to the Commissioner.  He did not provide any basis or support for his opinions of marked and severe impairments in almost all job-related functions.  The opinion was also inconsistent with plaintiff's minimal psychiatric symptoms, her presentation and performance on mental status examinations (MSE) conducted by Dr. Sindorf, and her activities.  Contrary to plaintiff's contentions, this reasoning has the support of substantial evidence.

The question whether a claimant is disabled or unable to work is an issue reserved to the Commissioner, and an opinion on such an issue is not entitled to any specific significance. 20 C.F.R. § 416.927(d).  The ALJ here accurately described Dr. Schimmel's statement regarding an inability to manage a full time job as infringing on an issue reserved to the Commissioner.

The more explanation provided in support of a medical opinion, the more weight that opinion will be given.  § 416.927(c)(3); *accord Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001).  *See also Molina*, 674 F.3d at 1111 ("[T]he ALJ may 'permissibly reject[ ] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions.'") (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)).  The ALJ here reasonably considered that Dr. Schimmel provided no explanation for the numerous marked and severe impairments assessed.  While Dr. Schimmel conducted a clinical interview and MSE, he did not point to either as the basis

for the conclusions reached. Nor did he otherwise provide a supportive narrative discussion beyond conveying his impression of plaintiff's inability, at that time, to manage a full time job. Plaintiff objects to the ALJ faulting Dr. Schimmel's opinions on this basis, but not the contrary opinions of non-examining State agency consultants Dr. Beth Fitterer and Dr. John Gilbert. Yet, Drs. Fitterer and Gilbert did provide narrative explanations. (AR 68-69, 80-81 (finding no understanding and memory limitations based on intact cognition, some higher education learning, and fact previously owed a business; finding no social limitations because: "Pleasant & cooperative although with a depressed mood/affect. Regardless, able to volunteer PT at a doctor's office at the front desk.")) They also explained why they found plaintiff more limited than assessed by Dr. Schimmel. (AR 70, 82.) The ALJ, in any event, only gave the opinions of the non-examining physicians some weight and found plaintiff more significantly limited than they assessed. (AR 22.)

An ALJ may also reject a physician's opinions due to inconsistencies between the opinions and the medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ here reasonably found inconsistency between the opinions of Dr. Schimmel and the medical evidence. The ALJ provided a detailed discussion of such evidence, describing regular notations in treatment notes of normal psychiatric observations; presentation as pleasant and cooperative even when depressed; descriptions of good grooming, contrary to alleged difficulty of personal care; and Dr. Sindorf's regular description of plaintiff as neatly dressed and groomed, with normal speech, pleasant and appropriate, cooperative, and with good eye contact, in spite of occasionally depressed affect and tearfulness. (AR 21 (citing AR 314, 384, 387, 390, 392, 394, 397, 402).) She described inconsistencies between plaintiff's allegations and MSE performance, including Dr. Schimmel's MSE, other MSEs in which plaintiff demonstrated no difficulties with memory and

ORDER
PAGE - 6

sometimes demonstrated no abnormalities whatsoever, and Dr. Sindorf's routine indication plaintiff's "memory appeared to be intact and that attention and concentration were 'not subjects of complaint or treatment.'" (*Id.* (citing AR 278-79, 320, 324, 333, 337, 365-71, 375, 377, 384, 387, 390, 392, 394, 397).) She described the record as indicating plaintiff's most significant symptoms occurred in the context of a difficult divorce and improved after the divorce, when she was able to begin a new relationship and spend more time with her children. (AR 19 (citing AR 361-77, 384-406).) She reasonably construed the evidence to show plaintiff's heightened or exacerbated symptoms as resulting from these situational stressors, inconsistent with her allegations of severe anxiety symptoms throughout the relevant period, and not indicative of baseline functioning.

Plaintiff takes issue with the ALJ's failure to identify specific inconsistencies in the portion of the decision addressing Dr. Schimmel's opinions. However, the Court considers the ALJ's decision as a whole, not solely the portion of the decision addressing a physician's opinion, the weight assigned the opinion, and the reasons for the weight assignment. *See Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) (court properly reads the ALJ's decision as a whole and the repeating of "substantially similar factual analyses" at multiple steps in the decision would be a "needless formality"). Moreover, in conducting its review, the Court is able to draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes*, 881 F.2d at 755. Indeed, even when explained with "less than ideal clarity," the decision must be upheld if the path of reasoning "may reasonably be discerned." *Molina*, 674 F.3d at 1121 (internal quotation marks and quoted sources omitted). In this case, the ALJ's identification of inconsistencies is clearly based on the prior detailed and thorough discussion of the record.

Plaintiff otherwise offers an alternative interpretation of the evidence, but fails to

ORDER
PAGE - 7

demonstrate the ALJ's interpretation was not at least equally rational. "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999).

Finally, an ALJ may reject the opinions of a physician based on inconsistency with a claimant's level of activity. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Plaintiff shared custody of her three children with her ex-husband and provided the children care, including preparing mails and driving to pick them up and drop them off, only sometimes with the assistance of her boyfriend. (AR 19-20.) The ALJ found the ability to provide this care suggested the ability to handle at least routine stressors and responsibilities, and to make simple judgments and decisions. Plaintiff attended temple twice a month, spent time interacting with others, and told providers she attended her children's sporting events on a regular basis and that the time spent with her children played a significant role in decreasing her anxiety and depression, as her role as a mother was important. (*Id.* (citing AR 201, 361, 365-66).) She also traveled to Thailand during the relevant period and denied experiencing any mental health symptoms while there. (*Id.* (citing AR 362).) "Such travel requires navigating airports and security lines, and a significant amount of exposure to the public." (*Id.*) The ALJ found the ability to drive and engage in other activities required a level of attention, decision making, and ability to react quickly to unexpected obstacles and hazards inconsistent with severe deficits in focus and concentration.

Again, while plaintiff takes a contrary view of the significance of the activities identified, the ALJ rationally interpreted the evidence as inconsistent with the marked and severe limitations assessed by Dr. Schimmel. The ALJ, as such, properly provided several specific and legitimate reasons for assigning little weight to the opinions of Dr. Schimmel.

/ / /

ORDER
PAGE - 8

B.  Dr. John Sindorf

In a letter dated February 15, 2016, treating psychiatrist Dr. Sindorf stated plaintiff's major depressive disorder, PTSD, and insomnia were disabling and prevented her from working at that time. (AR 360.) He added: "Obviously, this might change in the future, but the future is not here yet, and in any case we do not know what the future will bring." (*Id*.) In an April 2016 questionnaire, Dr. Sindorf found mild limitations in daily activities and social relationships, and marked limitations in concentration, persistence, or pace and in extended episodes of decompensation. (AR 408.) Plaintiff had a mental disorder of at least two years duration causing more than minimal limitation in relation to basic work activities; repeated extended episodes of decompensation; a residual disease process resulting in such marginal adjustment that even a minimal increase in mental demands or change in environment would cause decompensation; and one or more years' inability to function outside a highly supportive living arrangement and the need to continue such an arrangement. (AR 408-09.) In a September 2016 form, Dr. Sindorf assessed, *inter alia*, marked-to-severe limitations in relation to detailed instructions and marked limitations in relation to short and simple instructions or tasks, working in coordination with or proximity to others, accepting instructions and responding appropriately to supervisor criticism and unexpected changes in setting and routine, and traveling in unfamiliar settings and using public transportation. (AR 410-11.) He indicated there would be effects from various workplace stressors, including in a routine, repetitive, simple, entry-level job. (AR 411.)

The ALJ gave little weight to Dr. Sindorf's opinions. (AR 22.) The suggestions of plaintiff's inability to work addressed an issue reserved to the Commissioner. His opinions were inconsistent with the medical record. For example, while he opined plaintiff experiences three episodes of decompensation a year, lasting two weeks at a time, the medical record did not

demonstrate any such episodes. Dr. Sindorf's opinions were also inconsistent with his own treatment records. For example, while opining marked difficulty with concentration, persistence, or pace, Dr. Sindorf routinely documented that attention and concentration were not subjects of complaint. In addition, Dr. Sindorf's April 2016 opinion was inconsistent with treatment notes from the previous month observing plaintiff had experienced a "'remarkable turnaround' and was feeling much better." (*Id*. (citing AR 384).) The ALJ found the opinions of Dr. Sindorf further inconsistent with plaintiff's minimal psychiatric symptoms, MSEs, and activities.

The ALJ's conclusions regarding opinions on an issue reserved to the Commissioner, inconsistency with the medical evidence, and inconsistency with plaintiff's activities were appropriate and reasonable for the same reasons discussed in relation to the opinions of Dr. Schimmel. *See supra* at 5-9. Plaintiff posits Dr. Sindorf was best positioned to opine as to decompensations and that he need not have personally witnessed or documented such episodes. However, she does not point to any evidence in the record supportive of the opinion the episodes had occurred, either at the frequency opined by Dr. Sindorf or ever.

The ALJ also reasonably interpreted the record as showing inconsistency between Dr. Sindorf's opinions and his own treatment notes. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province.") Plaintiff construes the records from Dr. Sindorf as simply reflecting issues of concentration, persistence, or pace were not Dr. Sindorf's or plaintiff's focus. However, the ALJ's interpretation of inconsistency between the identification of marked limitations in this area and the content of Dr. Sindorf's treatment records was at least equally rational and is appropriately upheld. *Morgan*, 169 F.3d at 599. *See also Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1098

(9th Cir. 2014) ("[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.") The ALJ also rationally interpreted the medical record, including Dr. Sindorf's own treatment notes, as inconsistent with the degree of impairment he opined, rather than showing no more than an occasional fluctuation of symptoms as suggested by plaintiff. Plaintiff, for all of these reasons, fails to undermine the specific and legitimate reasons provided by the ALJ in relation to Dr. Sindorf.

C.  Dawn Finney, LICSW

Plaintiff's therapist, Dawn Finney, provided opinions in April 2016. In a letter, Finney stated plaintiff's depressive symptoms impaired her ability to function adequately "or even close to her baseline functioning." (AR 378.) These "disabling symptoms" would likely interfere with plaintiff's ability to maintain regular attendance, even on a part time basis, as well as her capacity to sustain concentration and pace for two consecutive hours. (*Id*.) Her symptoms occurred daily and included diminished ability to concentrate and make daily decisions, fatigue, significantly diminished interest in almost all activities, sleep difficulty, and lack of motivation and task initiation. On forms attached to the letter, and in addition to various moderate impairments, Finney assessed marked impairments in relation to detailed tasks and instructions, attention and concentration, sustaining ordinary routine without special supervision, completing a normal work day and week, performing at a consistent pace, responding appropriately to unexpected changes in setting and routine, setting realistic goals and planning independently, and traveling in unfamiliar settings and using public transportation. (AR 379, 381 (also identifying impact with a variety of work-related stressors).) She also opined plaintiff would have marked difficulties maintaining concentration, persistence, or pace. (AR 382.) Finney elsewhere identified symptoms of poor memory, sleep disturbance, difficulty thinking or concentrating, social withdrawal or isolation,

and decreased energy. (AR 380.) These symptoms appeared to be a significant change from plaintiff's previous level of functioning for several years prior.

The ALJ assigned Finney's opinions little weight. (AR 23.) The ALJ noted the absence of any basis or support for the suggestion plaintiff could not work due to inability to concentrate other than a description of plaintiff's subjective complaints. "As an example, [Finney] specifically indicates the claimant's symptoms appear to have worsened over several years, while also indicating she had been treating the claimant for one year." (*Id.* (citing AR 380).) The ALJ pointed to her earlier finding that plaintiff's subjective complaints were inconsistent with the medical evidence of record. The ALJ also found Finney's opinions inconsistent with plaintiff's minimal psychiatric symptoms, MSEs, and activities.

Plaintiff does not demonstrate error. An ALJ may reject a medical opinion upon concluding it relied to a large extent on a claimant's properly discounted subjective reports. *Tommasetti*, 533 F.3d at 1041 (applying to a treating physician's opinion). The ALJ's reasoning was germane to Finney and finds support in both the absence of narrative explanations in either the letter or forms completed, as well as a specific example showing reliance on plaintiff's reporting as to her condition in the years prior to Finney's treatment. *Cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) (an ALJ does not provide clear and convincing reasons for rejecting the uncontradicted opinions of a physician "by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and *supports his ultimate opinion with his own observations*.") (emphasis added). The ALJ also reasonably found the opinions of Finney inconsistent with the medical evidence and evidence of plaintiff's activities. *See supra* at 6-9. These additional germane reasons have the support of substantial evidence and will not be disturbed.

ORDER
PAGE - 12

Steps Four and Five

Plaintiff contends the ALJ's RFC is not supported by substantial evidence and that erroneously dismissed evidence demonstrates she is incapable of sustaining any work. However, these contentions essentially restate plaintiff's assignments of error in the evaluation of the medical opinion evidence and, therefore, also fail to establish error at step four or step five. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 29th day of August, 2018.

Mary Alice Theiler
United States Magistrate Judge